# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION

## CRIMINAL CASE NO. 2:11cr22-10

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| MICHAEL JAMES TAYLOR. ) | |

**THIS MATTER** is before the Court on the Government's Motion for Preliminary Order of Forfeiture [Doc. 277].

As a result of the guilty plea of the Defendant to the violation stated in the Bill of Indictment, for which the United States sought forfeiture pursuant to 21 U.S.C. § 853, the Defendant shall forfeit to the United States all property constituting or derived from any proceeds the Defendant obtained, directly or indirectly, as a result of such violation; and/or all property used or intended to be used in any manner or part to commit or facilitate the commission of the violation.

The Court has determined, based on the Bill of Indictment [Doc. 74], the Bill of Particulars [Doc. 111], the guilty plea of the Defendant [Doc. 197], and the parties' Settlement Agreement [Doc. 276], that the below-described

property is subject to forfeiture pursuant to 21 U.S.C. § 853, and that the Government has established the requisite nexus between such property and such violations and that the Defendant had an interest in the property.

Accordingly, **IT IS, THEREFORE, ORDERED:**

1. The Government's Motion for Preliminary Order of Forfeiture [Doc. 277] is **GRANTED**, and the following property is hereby forfeited to the United States for disposition according to law, subject to the provisions of 21 U.S.C. § 853(n):

- **Real property located at 2444 U.S. Highway 441 South, Sylva, Jackson County, North Carolina, as more particularly described in a deed recorded at book 1869, page 559, in the Jackson County, North Carolina, public registry;**

- **Real property located at 135 Long Street, Waynesville, Haywood County, North Carolina, as more particularly described in a deed recorded at book 795, page 673, in the Haywood County, North Carolina, public registry; and**

- **Real property located at 19 Pine Street, Greenville, Greenville County, South Carolina, as more particularly described in a deed recorded at book 2389, page 2995, in the Greenville County, South Carolina, public registry.**

2. The Attorney General (or a designee) is authorized to seize the forfeited property subject to forfeiture; to conduct any discovery proper in identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third party rights. Fed. R. Crim. P. 32.2(b)(3).

3. Pursuant to 21 U.S.C. § 853(n)(1) and Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, the United States shall post on an official government internet site ([www.forfeiture.gov](www.forfeiture.gov)), for at least thirty (30) consecutive days, notice of this Order and of its intent to dispose of the property in such a manner as the United States may direct. The United States may also, to the extent practicable, provide direct written notice of this forfeiture to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in an ancillary proceeding.

4. Any person, other than the Defendant, having or claiming a legal interest in any of the above-listed forfeited property may, within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of the petitioner's alleged interest in the property, and for an amendment of the Order of Forfeiture pursuant to 21 U.S.C. § 853(n). The

petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties; the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property; and any additional facts supporting the petitioner's claim and the relief sought. 21 U.S.C. §§ 853(n)(2) and (3).

5. After the disposition of any motion filed under Rule 32.2(c)(1)(A) of the Federal Rules of Criminal Procedure and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Preliminary Order of Forfeiture, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of the property, including depositions, interrogatories, requests for production of documents, and to issue subpoenas pursuant to Rule 45 of the Federal Rules of Civil Procedure.

7. This Preliminary Order of Forfeiture shall become final as to the Defendant at the time of sentencing and shall be made part of the sentence

and included in the Judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure.

8. Upon adjudication of third-party interests, if any, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n) and Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure.

9. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

**IT IS SO ORDERED.**

Signed: October 2, 2012

Martin Reidinger
United States District Judge