# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# CIVIL CASE NO. 2:11-cr-00022-MR-10

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| MICHAEL JAMES TAYLOR, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Seal [Doc. 452].

The Defendant, through counsel, moves for leave to file under seal his motion to vacate filed pursuant to 28 U.S.C. § 2255. For grounds, the Defendant states that the motion to vacate contains references to matters in various documents previously filed under seal, including the presentence investigation report and other sentencing materials. [Doc. 452].

The press and the public have, under both the First Amendment and the common law, a qualified right of access to judicial documents and records filed in civil and criminal proceedings. Doe v. Public Citizen, 749 F.3d 246, 265 (4th Cir. 2014). "The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be

rebutted only by showing that 'countervailing interests heavily outweigh the public interests in access.'" Id. at 265-66 (quoting in part Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988)). The First Amendment right of access "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly tailored to serve that interest.'" Id. at 266 (quoting in part In re Wash. Post Co., 807 F.2d 383, 390 (4th Cir. 1986)).

Here, only the memorandum filed in support of the motion to vacate contains references to information contained in sealed documents [see Doc. 449 at 14-18]; the motion to vacate itself makes no such references [see Doc. 449 at 1-13]. Accordingly, the Court will allow the Defendant to file the memorandum in support of his motion to vacate under seal. The motion to vacate, however, shall be unsealed and made part of the public record.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Seal [Doc. 452] is **GRANTED IN PART** and **DENIED IN PART**. The Clerk is respectfully directed to unseal the Defendant's Motion to Vacate [Doc. 449 at 1-13] and file the memorandum in support [Doc. 449 at 14-18] under seal.

**IT IS SO ORDERED.**  Signed: February 1, 2016

Martin Reidinger
United States District Judge