IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 2:11-cr-00022-MR-WCM-10

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| MICHAEL JAMES TAYLOR, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's Motions to Seal [Docs. 487, 490].

The Defendant, through counsel, moves the Court for leave to file under seal his Supplemental Motion for Sentence Reduction, its accompanying exhibits, and his Reply in support of the Supplemental Motion. [Docs. 487, 490]. For grounds, counsel states that these documents contain references to other documents and case related information that are presently under seal. Counsel also states that Exhibit 2 to the Supplemental Motion [Doc. 486-2] consists of medical information, which is presumptively treated as confidential.

While counsel has provided adequate grounds for the sealing of Exhibit 2, counsel fails to provide any grounds as to why less drastic alternatives to wholesale sealing of the other documents at issue would not be effective.

Before sealing a court document the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

Here, the Defendant has failed to provide a sufficient basis as to why less drastic alternatives to wholesale sealing would not be effective. The Defendant provides only grounds for why *portions* of his pleadings may be sealed. However, even when grounds are sufficient to allow sealing only portions of a pleading, a defendant is still required to file a publicly accessible version of the pleading that redacts only those portions allowed to be sealed. See United States v. Harris, 890 F.3d 480, 491-92 (4th Cir. 2018). Further, the Defendant's Motions fail to identify with sufficient specificity the applicable portions sought to be sealed necessary to allow for findings specific enough to determine whether the sealing of those portions is consistent with the First Amendment or common law right to public access.

2

Generally, the more central a piece of information is to the relief a defendant seeks, the greater the public's right to know that information and the less the defendant's right to have such information sealed.

As such, the Defendant's Motions fail to provide a sufficient basis to support a decision to seal the Supplemental Motion, his Reply, and the exhibits thereto (with the exception of Exhibit 2 to the Motion) and for rejecting the alternatives to sealing. For these reasons, the Court will grant the Defendant's Motion [Doc. 487] with respect to Exhibit 2 [Doc. 486-2] and will otherwise deny the Defendant's Motions. The Court, however, will allow these documents to remain temporarily under seal pending the Defendant filing a renewed Motion to Seal that identifies with specificity the portions of the Supplemental Motion, its exhibits, and the Reply sought to be sealed and provides sufficient basis for the sealing thereof.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Seal [Doc. 487] is **GRANTED** with respect to Exhibit 2 to the Supplemental Motion [Doc. 486-2]. In all other respects, the Motions to Seal [Docs. 487, 490] are **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Defendant shall, within seven (7) days of the entry of this Order, file a Motion to Seal that identifies with specificity the portions of the Supplemental Motion, the exhibits thereto, and

the Defendant's Reply that are sought to be sealed and provides sufficient basis for the sealing thereof. The Supplemental Motion, the exhibits thereto, and the Defendant's Reply [Docs. 486, 489] shall remain temporarily under seal until further Order of this Court.

**IT IS SO ORDERED.**

Signed: February 28, 2023

Martin Reidinger
Chief United States District Judge