IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 2:11-cr-00022-MR-WCM-10

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | **O R D E R** |
|  | ) |  |
| MICHAEL JAMES TAYLOR, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**THIS MATTER** is before the Court on the Defendant's Renewed Motion to Seal [Doc. 492].

The Defendant, through counsel, moves the Court for leave to file under seal portions of his Supplemental Motion for Sentence Reduction, Exhibit 1 thereto, and his Reply in support of the Supplemental Motion. [Docs. 486, 486-1, 489]. For grounds, counsel states that the identified portions contain sensitive information and that the proposed redactions of these portions on the public docket the competing interest of the public's right of access and the Defendant's interest in protecting the details of sensitive information. [Doc. 492].

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000). In the present case, the public has been provided with adequate notice and an opportunity to object to the Defendant's motion. The Defendant filed his motion on March 7, 2023, and such motion has been accessible to the public through the Court's electronic case filing system since that time. In addition to filing his motion, the Defendant also filed redacted versions of his Supplemental Motion for Sentence Reduction, Exhibit 1 thereto, and his Reply in support of the Supplemental Motion. [Docs. 492-3, 492-4, 492-5]. Further, the Defendant has demonstrated that the redacted portions contain sensitive information and that the public's right of access to such information is substantially outweighed by the Defendant's competing interests in protecting the details of such information. See United States v. Harris, 890 F.3d 480, 492 (4th Cir. 2018). Finally, having considered less drastic alternatives to sealing the documents, the Court concludes that sealing of the Defendant's unredacted Supplemental Motion for Sentence Reduction,

2

Case 2:11-cr-00022-MR-WCM   Document 493   Filed 03/13/23   Page 2 of 3

Exhibit 1 thereto, and Reply is necessary to protect the Defendant's interest in preventing the disclosure of this sensitive information.

**IT IS, THEREFORE, ORDERED** that the Defendant's Renewed Motion to Seal [Doc. 492] is **GRANTED**, and the Defendant's unredacted Supplemental Motion for Sentence Reduction [486], Exhibit 1 [Doc. 486-1], and Reply [Doc. 489] shall be filed under seal and shall remain under seal until further Order of this Court.

**IT IS SO ORDERED.**

Signed: March 12, 2023

Martin Reidinger
Chief United States District Judge